UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,                                                                C.A. NO.:
    Plaintiff,

v.

MAX NICASTRO
    Defendant.

## NOTICE OF REMOVAL

To:     Chief Judge and Judges of the United States District Court for the District of Massachusetts.

Max Nicastro, defendant in the above-captioned action, hereby files this Notice of Removal of this action from the Department of the Trial Court, Superior Court of Suffolk to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1441, and in support thereof avers as follows:

1. As appears from the docket, files and records of the Suffolk Superior Court, the above-captioned action was filed on January 23, 2014.

2. On or about March 10, 2014, the Plaintiff sent by certified mail the summons and complaint to Max Nicastro at his parents home in Thousand Oaks, California.. The mail was signed for by a housekeeper. Defendant's parents were away at the time and received the summons and complaint on March 14, 2014.

3. No further proceedings have been had in the Suffolk Superior Court in connection with the above-captioned action.

4. The above-captioned action is a civil action alleging personal injuries to the plaintiff, Jane Doe. The Complaint purports to set forth a claim of intentional sexual assault

against the defendant, Max Nicastro.

5. The plaintiff, Jane Doe, alleges that as a result of this incident, she suffered injuries to her vaginal and rectal areas including abrasions to these areas and a laceration of her rectum. She alleges damages including subsequent and ongoing medical treatment, counseling and expenses related to her severe and permanent physical and personal injuries, and well as severe and permanent impairment and severe emotional anguish.

6. The amount in controversy in this action, exclusive of interest and cost, exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Upon information and belief, plaintiff made a pre-suit demand of $250,000.00. Plaintiff's Civil Action Cover Sheet lists an indefinite amount of damages, $25,000+, which is itemized as medical expenses and anticipated future medical expenses. Significantly, plaintiff's statement of damages does not include any itemization for damages related to plaintiff's alleged severe and permanent impairment and severe emotional anguish. Rather, plaintiff states that the amount of these damages are "To be determined by a jury." Given the nature of plaintiff's cause of action, plaintiff's alleged damages for severe and permanent impairment and severe emotional anguish are much more significant than her medical expenses alone. Thus, based on the nature of the cause of action alleged and claimed damages, there is more than a "reasonable probability" that the amount in controversy exceeds $75,000 as required for removal. Youtsey v. Avibank Manufacturing, Inc., 734 F.Supp.2d 230, 236
(D. Mass. 2010).

7. Upon information and belief, the Plaintiff, Jane Doe, is a resident of the State of Texas.

8. Defendant, Max Nicastro, is currently residing in the State of Ohio and formerly

resided with his parents in Thousand Oaks, California.

9. This Court has original jurisdiction of the above-entitled action, pursuant to 28 U.S.C. § 1332, and the action may therefore be removed to this Court, pursuant to 28 U.S.C. § 1441(b).

10. This Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint in this action by certified mail to Max Nicastro at his parents' home.

WHEREFORE, Max Nicastro prays for removal of the above captioned action from the Trial Division of the Superior Court of Suffolk to the United States District Court of the District of Massachusetts.

**MAX NICASTRO,**

By His Attorney,

\_\_\_\_/s/Timothy J. Duggan_____
Timothy J. Duggan, Esq. (BBO# 545966)
Duggan, Gianacoplos & Mahoney, LLC
89 Access Road, Unit A
Norwood, MA 02062
T: (781) 762-0077
F: (781) 762-9299

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid on April 2, 2014 on:

Patrick T. Jones
Richard W. Paterniti
Jones Kelleher, LLP
21 Custom House Street
Boston, MA 02110

                                                      /s/Timothy J. Duggan
                                                      Timothy J. Duggan

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET # SUCV2014-00257-E
Courtroom CtRm 916, 3 Pemberton Square, Boston

RE: Doe v Nicastro
TO:

Patrick T. Jones, Esquire
21 Custom House Road
Boston, MA 02110

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **11/14/2015**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 04/23/2014 | 04/23/2014 | |
| Response to the complaint filed (also see MRCP 12) | | 05/23/2014 | |
| All motions under MRCP 12, 19, and 20 | 05/23/2014 | 06/22/2014 | 07/22/2014 |
| All motions under MRCP 15 | 05/23/2014 | 06/22/2014 | 07/22/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 11/19/2014 | | |
| All motions under MRCP 56 | 12/19/2014 | 01/18/2015 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/18/2015 |
| Case shall be resolved and judgment shall issue by **11/14/2015** | | | 11/14/2015 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 02/06/2014

Telephone: 617-788-8144

Michael Joseph Donovan
Clerk of the Court

RECEIVED
FEB 10 2014
CMJ

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2014-00257-E

JANE DOE , Plaintiff(s)

v.

MAX NICASTRO , Defendant(s)

## SUMMONS

To the above-named Defendant: **MAX NICASTRO**

You are hereby summoned and required to serve upon **Richard W. Paterniti, Esq.** **JONES KELLEHER LLP** plaintiff's attorney, whose address is **21 Custom House St, Boston, MA 02110** , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the **5th** day of **March** , in the year of our Lord two thousand **fourteen** .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. I 3rd Rev. 20M-10/11

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: **SUFFOLK** |
|---|---|---|
| PLAINTIFF(S): **JANE DOE** | | DEFENDANT(S)  **MAX NICASTRO** |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Patrick T. Jones (253960) & Richard W. Paterniti (645170)<br>Jones Kelleher LLP, 21 Custom House St.<br>Boston MA 02110   (TEL)  617-737-3100 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- **X** 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97 and 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (M.R.C.P 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| **B04** | **Other Negligence/Personal Injury** | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

| | | |
|---|---|---|
| A. | Documented medical expenses to date: | $ 5,000.00+ |
| | 1. Total hospital expenses.................................................. | $ 5,000.00+ |
| | 2. Total doctor expenses................................................... | $ |
| | 3. Total chiropractic expenses........................................... | $ |
| | 4. Total physical therapy expenses.................................... | $ |
| | 5. Total other expenses (describe).................................... | $ |
| | Subtotal: | $ 10,000.00 |
| B. | Documented lost wages and compensation to date............... | $ |
| C. | Documented property damages to date................................ | $ |
| D. | Reasonably anticipated future medical and hospital expense.. | $ 15,000.00+ |
| E. | Reasonably anticipated lost wages....................................... | $ |
| F. | Other documented items of damages (describe).................. | $ To be determined by a jury. |

G. Brief description of plaintiff's injury, including nature and extent of injury (describe).......

*As a result of the defendant's intentional conduct in sexually assaulting the plaintiff, the plaintiff was caused to suffer severe and permanent physical and personal injuries resulting in medical treatment and expenses, severe and permanent impairment, and severe emotional anguish.*

Total: **$ 25,000.00+**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Total: $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPT.

"I hereby certify that I have complied with the requirement of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) required that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  _[signature]_   DATE: 1/23/14

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                             SUPERIOR COURT

| | |
|---|---|
| JANE DOE,<br>    Plaintiff,<br><br>v.<br><br>MAX NICASTRO,<br>    Defendant. | CIVIL ACTION NO.: 14-0257 |

**COPY**

**RECEIVED JAN 2 3 2014**
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
MAGISTRATE

## COMPLAINT AND JURY DEMAND

### THE PARTIES

1. The plaintiff, referred hereinafter as "Jane Doe" to protect her identity as a victim of an intentional assault, was a student at Boston University and resident of Boston, County of Suffolk, Commonwealth of Massachusetts in February 2012 and at all relevant times hereto.

2. Max Nicastro was a Boston University student and resident of Boston, County of Suffolk, Commonwealth of Massachusetts in February 2012 and at all times relevant hereto.

### FACTS

3. On or about February 19, 2012, Max Nicastro intentionally sexually assaulted Jane Doe at Boston University in Boston, County of Suffolk, Commonwealth of Massachusetts.

4. The sexual assault by Max Nicastro was both vaginal and anal assaults.

5. By her actions and words, Jane Doe did not consent to the defendant Max Nicastro's conduct.

6. Immediately after the assault, Jane Doe, by and through her representatives, contacted Boston University Police and was subsequently taken to Beth Israel Deaconess Medical Center. When she was first found in her room by Boston University Police, they noted that there was a pool of blood under her in the area where she was sitting.

7. According to medical records, Jane Doe suffered injuries to her vaginal and rectal areas. She was actively bleeding from these areas on arrival to the hospital. Medical staff noted that she suffered abrasions of these areas and a 1 cm laceration of her rectum as a result of the sexual assault. She received medical treatment at Beth Israel and has received subsequent and ongoing medical treatment and counseling.

8. Following the assault and after an investigation by Boston University, Max Nicastro was expelled from Boston University and was banned from all property owned, operated and/or controlled by the University. He did not appeal this decision.

9. As a result of defendant Max Nicastro's intentional conduct in sexually assaulting the plaintiff Jane Doe, Jane Doe was caused to suffer severe and permanent physical and personal injuries resulting in medical treatment and expenses, severe and permanent impairment, and severe emotional anguish.

## COUNT I

10. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs one through nine, above.

11. The defendant Max Nicastro intentionally sexually assaulted Jane Doe on or about February 19, 2012.

12. As a direct and proximate result of the intentional conduct of Max Nicastro, the plaintiff Jane Doe was caused to suffer severe and permanent physical and personal injuries resulting in medical treatment and expenses, severe and permanent impairment, and severe emotional anguish.

WHEREFORE, the plaintiff, Jane Doe, requests that this Court enter judgment in her favor against the defendant, Max Nicastro, and award her damages to compensate her for her injuries, together with interest and costs.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED BY THIS COMPLAINT.

The Plaintiff,
By her attorneys,

Patrick T. Jones, BBO #253960
PJones@JonesKell.com
Richard W. Paterniti, BBO #645170
RPaterniti@JonesKell.com
JONES KELLEHER LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: 1/23/14